UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABC BEVERAGE CORPORATION
& SUBSIDIARIES, f/k/a Beverage
America Inc. & Subsidiaries,
        Plaintiff,

Case No. 1:07-cv-051

-v-

HONORABLE PAUL L. MALONEY

UNITED STATES OF AMERICA,
        Defendant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

This matter comes before the Court on Defendant United States of America's motion (Dkt. No. 74) in limine. Plaintiff filed a response. (Dkt. No. 82.) Defendant filed a reply. (Dkt. No. 84.)

In this action, Plaintiff ABC Beverage seeks to claim a tax deduction that was rejected by the Internal Revenue Service. The parties filed cross motions for summary judgment. This Court issued an opinion and order (Dkt. No. 69) granting Plaintiff's motion and denying Defendant's motion. In the opinion, the Court held Plaintiff was entitled to take a tax deduction for the portion of the purchase price of real property attributable to buying out an onerous lease. The Court further found material questions of fact as to when Plaintiff was able to claim the deduction. (Opinion and Order at 18-24.) In Defendant's reply brief (Dkt. No. 59) in support of its motion for summary judgment, Defendant asserted, because Plaintiff was arguing the payment was made to terminate the lease and not for the use or acquisition of property, the transaction fell under Treasury Regulation 1.461-4(g)(7). (Defendant's Summary Judgment Reply Brief at 9-10.) Because the argument was made for the first time in a reply brief, the Court found the issue was not properly raised and declined to consider it. (Opinion and Order at 24 n. 16.)

Defendant's motion in limine essentially raises the same issue. Defendant seeks to exclude as a matter of law from trial all evidence unrelated to when Plaintiff paid the $11 million for the property with respect to the economic performance test under 26 U.S.C. § 461(h). Defendant reasons, because Plaintiff is able to claim the deduction as a buy out of an onerous lease, it should not be able to rely on the provisions of the Tax Code referring to economic performance arising from the provision of property or the use of property. Defendant asserts, under Plaintiff's theory, the only applicable regulation is the catch-all provision, Treas. Reg. 1.461-4(g)(7).

ANALYSIS

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). *See also Figgins v. Advance America Cash Advance Centers of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the

issues to be considered by the jury. *Jonasson*, 115 F.3d at 440.

Generally, motions in limine address specific evidentiary issues of a prejudicial nature. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997) (explaining that motions in limine typically raise the question of whether certain evidence should be excluded due to the possibility of prejudicing the jury or as the result of some earlier ruling by the court); *Certain Lands*, 547 F.Supp. at 681.  "Orders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (involving a situation where the parties conducted a trial under an order prohibiting references to three pending cases involving the same plaintiff and three other similarly situated defendants). Generally, when a motion in limine does not raise questions about admissibility of evidence or that evidence would be prejudicial, the motion will be denied.  *See Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp.2d 853, 873 (W.D. Mich. 2008) (Maloney, J.).  Neither are motions in limine substitutes for dispositive motions. *Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* No. 04-1880, 2007 WL 2908007 at *1 (W.D. Pa. Oct. 2, 2007) ("motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action and should not be used as a substitute for a motion for summary judgment" (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5037.18 (2d ed. 2005))); *NRDC v. Rodgers*, No. Civ-S-88-1658, 2005 WL 1388671 at *1 n.2 (E.D. Cal. June 9, 2005) ("motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues" (citing 75 Am.Jur.2d *Trial* § 99 (2004))).  *See Tuttle v. Tyco Electronics Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178 (S.D. Ohio Feb. 7, 2008); *Figgins* 482 F. Supp.2d at 869-871; *Hi Limited Partnership v. Winghouse of Florida*, No. 6:03-cv-116, 2004 WL 5486964 (M.D. Fla. Oct. 5, 2004);

*Boggs v. Divested Atomic Corp.*, No. C-2-90-840, 1997 WL 33377790 (S.D. Ohio March 24, 1997).

Defendant's motion functionally seeks to resolve substantive issues rather than evidentiary ones. Defendant's motion seeks to prevent Plaintiff from introducing one of its theories supporting the cause of action. Defendant does not suggest the evidence would be prejudicial. Had Defendant raised this issue in its motion for summary judgment, rather than in its reply brief, the issue perhaps would have been resolved on the merits. In its reply brief, Defendant offers a number of justifications for having the Court rule on this legal question in advance of trial, such as avoiding trial disruptions, better preparation by the parties, and the Court must inevitably make this legal determination anyway. While all are compelling, each justification is also a reason why Defendant's argument should have been properly raised as part of its dispositive motion at the outset.

The evidence Defendant seeks to exclude is not irrelevant under Federal Rule of Evidence 401. The assumptions underlying Defendant's motion are unfounded. As Plaintiff points out in its response brief, Defendant cites no authority for the proposition that 26 U.S.C. § 461(h) does not authorize a deduction for buying out an onerous lease. 26 U.S.C. § 461(h)(2)(A)(ii) simply states, for the purpose of determining when an amount has been incurred, economic performance occurs when a person provides property to the taxpayer. The statutory language does not clearly limit its application exclusively to determining economic performance for the acquisition of capital assets. Defendant's attempt to invoke the law of the case doctrine fails for the same reason.

Defendant, however, is correct that Plaintiff may not succeed at trial on a theory that economic performance occurred when the property was used. As explained in the opinion and order (Opinion and Order at 22-23), 26 U.S.C. § 461(h)(2)(A)(iii) and Treas. Reg. 1.461-4(d)(3)(i) relate the use of property under a lease, rental or some other temporary agreement and economic

performance occurs over the period of time the tax payer is entitled to use the property under the lease or rental agreement. Plaintiff cannot use those provisions to establish when economic performance occurred for this situation. As Plaintiff was no longer using the property as a lessee at the instant deductibility ripened, Plaintiff cannot establish economic performance under the use provisions.

Similarly, judicial estoppel does not prevent Plaintiff from presenting the evidence Defendant seeks to exclude. Defendant states its motion is intended to prevent Plaintiff from introducing evidence inconsistent with the theory on which it succeeded on summary judgment. (Defendant's Brief at 3.) Defendant confuses the basis for denying its motion with the basis for Plaintiff's success on its cross motion. The basis for the opinion and order granting Plaintiff's motion for summary judgment was that the Sixth Circuit Court of Appeal's decision in *Cleveland Allerton Hotel Inc. v. IRS*, 166 F.2d 805 (6th Cir. 1948) was binding on this Court and authorized the deduction. (Opinion and Order at 25-26.) As Defendant points out in its reply brief on this motion, the provisions of the Tax Code and the Treasury Regulations at issue here, regarding <u>when the deduction may be claimed</u>, were not enacted until well after the *Cleveland Allerton* decision. (Defendant's Motion in Limine Reply Brief at 5.) Accordingly, the *Cleveland Allerton* decision, and this Court's reliance on it, cannot be said to definitively answer what portion of the tax code must be used to determine <u>when</u> the taxpayer may claim the deduction.

Defendant's motion for summary judgment raised two separate issues. The first issue was denied for the same reason Plaintiff's motion was granted. Defendant's second issue, argued in the alternative, concerned when the deduction could be taken. With regard to the alternative portion of the motion, Defendant's motion was denied because on the existing record, there were genuine

issues of material fact as to <u>when</u> the two elements of the "all events test" were established. (Opinion and Order at 19-22.) The Court also found a genuine issue of material fact as to when economic performance occurred. (*Id.* at 22-24.) Plaintiff's ability to create a genuine issue of material fact on those issues does not mean that Plaintiff' prevailed as no judgment has been issued with regard to those issues. Plaintiff cannot be said to be taking inconsistent positions as it argued economic performance occurred in 1997 under section 461(h) and regulation 1.461-4(d). (Dkt. No. 54, Plaintiff's Response to Defendant's Motion for Summary Judgment at 16-19.)

CONCLUSION

For the reasons provided above, Defendant United States of America's motion (Dkt. No. 74) in limine is **GRANTED IN PART and DENIED IN PART.** Plaintiff will not be limited to presenting evidence establishing economic performance under Treas. Reg. 1.461-4(g)(7). Plaintiff may not, however, attempt to establish when economic performance occurred under the use of property provisions located at 26 U.S.C. § 461(h)(2)(A)(iii) and Treas. Reg. 1.461-4(d)(3)(i). Evidence presented under a theory supported by those provision is irrelevant. **IT IS SO ORDERED.**


Date:   December 4, 2008                                        /s/ Paul L. Maloney
                                                                                                                                 Paul L. Maloney
                                                                                                                                Chief United States District Judge