UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ABC BEVERAGE CORPORATION
& SUBSIDIARIES, f/k/a Beverage
America Inc. & Subsidiaries,
            Plaintiff,

                                        Case No.  1:07-cv-051

-v-
                                        HONORABLE PAUL L. MALONEY

UNITED STATES OF AMERICA,
            Defendant.


<u>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE</u>

This matter comes before the Court on Plaintiff ABC Beverage's motion (Dkt. No. 79) in limine.  Defendant United States of America filed a response.  (Dkt. No. 88.)  Plaintiff filed a reply.  (Dkt. No. 89.)

In its complaint, Plaintiff alleges it should be able to take a tax deduction for the portion of the amount it paid for real property related to buying out an onerous lease.  The parties filed cross motions for summary judgment.  This Court concluded Plaintiff could claim the deduction (Dkt. No. 69, Opinion and Order at 7-18) and concluded there was no factual dispute regarding the fair market value of the property (*Id.* at 27-28) or that the lease was excessive (*Id.* at 26-27).  The Court concluded there was a factual dispute over the year in which Plaintiff could take the deduction.  (*Id.* at 18-24).  That sole remaining issue turns on the outcome of two tests identified in the Tax Code and relevant regulations, the "all events test" and the "economic performance test."

Plaintiff seeks to prevent Defendant from calling Mr. Richard Marchitelli as an expert witness at trial.  In the proposed final pretrial order submitted to the Court on November 19, 2008 (Dkt. No. 78) and signed (Dkt. No. 85) by the Court on November 26, 2008, Defendant states Mr.

Marchitelli may be called as an expert witness "to testify regarding the value of the subject property and to serve as a rebuttal expert witness." (¶ 4(B)). Plaintiff alleges the opinions contained in Mr. Marchitelli's expert report are limited to disputing the fee simple value and market rent calculations of the subject property as determined by Plaintiff's experts. (Dkt. No. 79-2, Exhibit 1 to Plaintiff's Motion - Marchitelli Report at 3.) Plaintiff asserts Mr. Marchitelli has not offered any opinions that are relevant to the issue that remains. Plaintiff further asserts Mr. Marchitelli is not qualified to offer any opinions on the remaining issue.

Defendant disagrees on both points. Defendant concedes it does not intend to have Mr. Marchitelli testify as to when the fact of liability became fixed, one part of the "all events test." Defendant intends to have Mr. Marchitelli testify with regard to when the amount of liability could be computed with reasonable accuracy, the second prong of the "all events test." Defendant further states Mr. Marchitelli may be called as a rebuttal witness, depending on the testimony of Plaintiff's expert, Mr. Thomas McReynolds. Defendant asserts Plaintiff has not fully outlined the testimony it expects Mr. McReynolds to provide and, as a result, the Court has no basis for determining whether Mr. Marchitelli's rebuttal testimony would be relevant.[1] Defendant discusses Mr. Marchitelli's qualifications as a real estate appraiser and argues he has the relevant technical knowledge to opine when the amount of liability for the early termination of a lease could be determined with reasonable accuracy. Defendant insists Mr. McReynolds, in his report, neglected to provide any basis for his conclusion that Plaintiff would have had to pay at least $11 million for

---

[1]In the final pretrial order (Dkt. No. 85), paragraph 4(B), Plaintiff identifies Mr. McReynolds as its expert witness and details his qualifications. Plaintiff does not indicate the issues to which it expects Mr. McReynolds will testify.

2

the property pursuant to the lease in 1997.[2]

In its reply, Plaintiff first reiterates the opinions in Mr. Marchitelli's expert report concerning issues that are no longer at issue in the action. Specifically, Mr. Marchitelli's concerns with Plaintiff's appraisals of the property related only to how the appraisals accounted for certain special features of the property. Plaintiff asserts Defendant has known Mr. McReynolds' opinions since his expert report was disclosed and the copies of his work papers outlining his calculations were produced. Plaintiff explains Mr. McReynolds testified extensively at his deposition about how he calculated the purchase price of the property. Plaintiff points to portions of Mr. Marchitelli's deposition where he conceded, based on the procedures outlined in the lease, it was possible to determine the minimum purchase price for the property in 1997. Plaintiff concludes, on the basis of those statements, Mr. Marchitelli was aware of Mr. McReynolds' opinion as to when the purchase price could be calculated and has offered no contradictory opinion in either his report or deposition. Finally, Plaintiff's characterize Defendant's use of Mr. Marchitelli as a rebuttal witness as an attempt to offer a previously undisclosed expert opinion.

Federal Rule of Civil Procedure 28 outlines general rules of discovery and specifically requires that an expert report be disclosed and that the report contain a complete statement of all opinions the witness will express and the basis for those opinions. FED. R. CIV. P. 28(A)(2)(B)(i). Mr. Marchitelli's has not offered any opinion with regard to the fair market value of the property. (Opinion and Order at 28.) Mr. Marchitelli's report, and his testimony at his deposition, clarify he

---

[2]Defendant attaches a two page letter written by Mr. McReynolds and dated November 1, 2007. In the letter Mr. McReynolds states "[t]hird, I have concluded that the tenant would have had to pay at least $11,000,000 to purchase The Subject Property pursuant to the lease in 1997." (Dkt. No. 88-2 - McReynolds' letter.) That single sentence constitutes the entirety of the paragraph and no further explanation is offered.

was asked only to review the appraisals offered by Plaintiff's experts. (Marchitelli Report at 3; Dkt. No. 89-2, Exhibit 1 to Plaintiff's Reply - Marchitelli Deposition at 77.)   To the extent Mr. McReynolds' November 1, 2007 letter can be interpreted to offer an opinion as to when the amount of liability was reasonably calculable under the lease, Mr. Marchitelli's discussion of the rent escalation provisions of the lease can be interpreted as questioning Mr. McReynolds' opinions. (*See* Marchitelli Report at 3-4.)   Accordingly, Mr. Marchitelli may offer opinions at trial as to when the amount of liability was reasonably calculable.   Mr. Marchitelli may also testify in rebuttal to Mr. McReynolds' opinion on the same issue.

For these reasons, Plaintiff's motion (Dkt. No. 79) in limine is **DENIED.   IT IS SO ORDERED.**

Date:   December 4, 2008                                          /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  Chief United States District Judge

4