UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABC BEVERAGE CORPORATION
& SUBSIDIARIES, f/k/a Beverage
America Inc. & Subsidiaries,
         Plaintiff,

-v-

UNITED STATES OF AMERICA,
         Defendant.

Case No.  1:07-cv-051

HONORABLE PAUL L. MALONEY

OPINION AND ORDER DENYING OBJECTIONS TO JURY INSTRUCTIONS

This matter comes before the Court on objections to jury instructions filed by both parties.

BACKGROUND

A more detailed background has been provided in an earlier order on cross motions for summary judgment.  *See ABC Beverage Corp. v. United States*, 577 F.Supp.2d 935 (W.D. Mich. 2008).  A shorter summary is provided here for context.  In 1995, Plaintiff ABC Beverage, through a subsidiary, acquired a company who held a long term lease on a bottling plant located on McDonnell Boulevard in Hazelwood, Missouri (McDonnell Property).  The lease contained, among other things, a means of calculating rent and a purchase option which could only be exercised during a specific time period.  Plaintiff exercised the option to purchase the property on December 10, 1996.  Even though the lease contained a formula for calculating the purchase price, the parties could not agree on the value of some of the variables in the formula.

On October 2, 1997, the Landlord notified Plaintiff that it considered Plaintiff to be in default for failure to pay rent.  The Landlord also invoked a provision of the lease which required Plaintiff to make an offer to purchase the property.  On October 3, 1997, the Landlord sued Plaintiff in Missouri

state court over the amount of rent due under the lease.  In October 1999, the parties reached a final

agreement on the sale price.  Plaintiff paid the Landlord $11,000,000.00 for the property.  The sale

of the property was finalized on November 11, 1999.

Plaintiff claimed a $6,250,000.00 deduction on its 1997 tax return as a lease termination

expense and capitalized the McDonnell Property for $2,750,000.00.  Plaintiff based the deduction on

the combination of several appraisals of the fair market value of the McDonnell Property and

Plaintiff's own calculations of the minimum amount ($9,000,000.00) it would have to pay the

Landlord for the property under the provisions of the lease.  The Internal Revenue Service assessed

an income tax deficiency of $2,460,591.00 against Plaintiff.  Plaintiff filed suit seeking a refund of

the assessment.

The parties filed cross motions for summary judgment.  On August 27, 2008, this Court

issued an order granting Plaintiff's motion and denying Defendant United States' (Defendant or the

Government) motion.  The Court concluded Plaintiff was entitled to take the deduction.  However,

the Court found genuine issues of material fact as to when the deduction could be taken.  A three day

jury trial was held beginning December 8, 2008.[1]  Plaintiff presented its case on December 8 and

December 10.  Defendant opted not to present a case to the jury.

---

[1]

The three day trial was held on December 8, December 10 and December 11, 2008.

Several days before trial, on December 4, 2009, the parties jointly filed a document titled "Joint Submission of Jury Instructions." (Dkt. No. 93.)  The Court initially held some hope the parties had reached an agreement on the jury instructions.  The title of the document, however, accurately reflected that the parties had only joined in their submission of jury instructions, and had not actually submitted anything remotely resembling joint jury instructions.  Exhibit 1 to the joint submission was Plaintiff's fifty-two page proposed jury instructions.  Exhibit 2 to the joint submission was the Government's fifty-three page proposed jury instructions.  Only five of the proposed instructions were identical.[2]  The parties met in chambers at some length during the trial, but were unable to resolve the differences over the requested jury instructions.

The parties were given the final version of the jury instructions before the case resumed the morning of December 11, 2008.  Both parties wished to enter objections to the instructions.  Because of the extensive meeting in chambers the night before, the Court was aware of the nature of both parties' objections.  The Court opted to delay placing the objections on the record until after closing arguments and after the instructions had been provided to the jury.  Neither party disagreed with this timing.  By the time the parties gathered after a noon break to voice their objections, the jury had reached a verdict in favor of Plaintiff.  The verdict was announced; the jury was polled and dismissed.  After affording the parties time to gather their thoughts, the parties placed their objections to the jury instructions on the record.  Both parties also objected to the verdict form used.

LEGAL FRAMEWORK

Rule 51 of the Federal Rules of Civil Procedure provides guidelines for jury instructions.

---

[2]

The parties each proposed using the Standardized Civil Jury Instructions CV 2.02, 2.04, 2.05, 2.05A, and 2.07.

Rule 51 states, in part,

> (b) Instructions.  The court:
>> (1) must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments;
>> (2) must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered; and
>> (3) may instruct the jury at any time before the jury is discharged.
> (c) Objections.
>> (1) How to Make.  A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.
>> (2) When to Make.  An objection is timely if:
>>> (A) a party objects at the opportunity provided under Rule 51(b)(2); or
>>> (B) a party was not informed of an instruction or an action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been given or refused.

FED. R. CIV. P. 51.

Jury instructions must set forth a correct interpretation of the relevant law.  *Gibson v. City of Louisville*, 336 F.3d 511, 512 (6th Cir. 2003) (citing *Rogers v. T.J. Samson Cmty. Hosp.*, 276 F.3d 228, 232 (6th Cir. 2002)).  As a whole, the jury instructions must "fairly and adequately present the issues and the applicable law to aid the jury in making its determination."  *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 880-881 (6th Cir. 2007) (citing *Fisher v. Ford Motor Co.*, 224 F.3d 570, 576 (6th Cir. 2000)).  The correctness of any particular jury instruction is a question of law, while the decision to give or refuse to give any particular instruction is within the trial court's discretion.  *Id.*  The refusal to give the requested instructions is erroneous if (1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case.  *Johnson Controls, Inc. v. Jay Indust., Inc.*, 459 F.3d 717, 729 (6th Cir. 2006) (citing *Hisrich v. Volvo Cars of North America,*

*Inc.*, 226 F.3d 445, 449 (6th Cir. 2000)). *See also Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997) (same). "A judgment may be reversed if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Micrel, Inc.*, 486 F.3d at 881 (citing *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72-73 (6th Cir. 1990)).

Rule 49 provides guidelines for verdict forms. Rule 49, in part, states

(b) General Verdict with Answers to Written Questions
(1) In General. The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide. The court must give the instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing, and must direct the jury to do both.

FED. R. CIV. P. 49. The form which the verdict shall take is within the discretion of the trial court. *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 465 (6th Cir. 1999); *Jarrett v. Epperly*, 896 F.2d 1013, 1020 (6th Cir. 1990). A new trial may be warranted when the verdict form misleads or confuses the jury or inaccurately frames the issues to be resolved by the jury. *Swans v. City of Lansing*, 65 F.Supp.2d 625, 639 (W.D. Mich. 1998) (Enslen, J.) (discussing objections to a special verdict form and quoting *Shah v. Pan American World Servs., Inc.*, 148 F.3d 84, 96 (2d Cir. 1998)).

III. ANALYSIS

A. All Events Test Instruction - General on Page 17.

Plaintiff objects to the all events test instruction on page 17 of the instructions given to the jury. The instruction given reads as follows:

Under the "all events" test, an expense can be deducted prior to the year in which the expense was actually paid only where: (1) all the events necessary as later defined to determine the fact of liability have occurred; and (2) the amount of the liability as later defined can be calculated with reasonable accuracy.

Plaintiff objects on the basis that the instruction is unnecessary and is not an accurate statement of

the law.

Plaintiff's objection is OVERRULED.  Plaintiff had to meet the all events test before it was entitled to take the deduction.  Both parties acknowledge such instruction was necessary as both submitted proposed instructions on the all events test.  The instruction used was submitted by the Government as its proposed instruction No. 19.  The jury instruction on page 16 summarizes the elements Plaintiff must establish, including the all events test.  The subsequent pages, including the all events test instruction on page 17, provide the jury with additional information on each element. Furthermore, the instruction is an accurate statement of the law.  The Tax Code describes the all events test as "met with respect to any item if all events have occurred which determine the fact of liability and the amount of such liability can be determined with reasonable accuracy."  26 U.S.C. § 461(h)(4).  The Treasury Regulations similarly describe a liability as incurred, under the all events test, "in the taxable year in which all the events have occurred that establish the fact of liability, the amount of liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability."  26 C.F.R. § 1.461-1(a)(2).  *See United States v. Gen. Dynamics Corp.*, 481 U.S. 239, 242 (1987) (explaining that the all events test is embodied in Treas. Reg. § 1.461-1(a)(2)).

B.  All Events Test - Contingent/Fixed on Page 18

Both parties object to the all events test instruction given on page 18 of the jury instructions. The instruction given reads as follows:

As part of the all events test, a liability cannot be deducted as long as it remains contingent.  Thus, to satisfy the all events test, the obligation to purchase the property must be final and definite.  It must be fixed and absolute, and must be unconditional.  Under the tax law, a deduction must be deferred until all the events have occurred that will make it fixed and certain.

It is fundamental to the all events test that, although under some

circumstances, expenses may be deductible by an accrual basis taxpayer before they
have become due and payable, the obligation to purchase the property must first be
established.

Plaintiff objects on the basis the instruction is unnecessary, duplicative and not an accurate statement
of the law.  The Government objects on the basis that the instruction does not accurately reflect the
law.

The objections are OVERRULED.  As the all events test instruction was necessary, it
follows that the instruction must be explained.  The United State Supreme Court has held, in cases
interpreting the all events test, in order for the fact of liability to be established, the liability must be
fixed rather than contingent.  *Gen. Dynamics,* 481 U.S. at 243; *United States v. Hughes Props. Inc.*,
476 U.S. 593, 601 (1986).  This particular instruction is not duplicative as the fixed nature of the
liability is not referenced in any other instruction.  Finally, the instruction is an accurate statement of
the law. The instruction given was taken, in large part, from the proposed jury instruction No. 20
submitted by the Government.  The Government's proposed instruction was modified in part to
clarify the liability at issue was Plaintiff's obligation to purchase the property.

The last sentence in the Government's proposed jury instructions was omitted as potentially
confusing to the jury.  The Government proposed including the following sentence to the instruction
given:    "A taxpayer may not deduct an estimate of an anticipated expense, no matter how
statistically certain, if it is based on events that have not occurred by the close of the taxable year."
That sentence occurs in the opinion in *General Dynamics*.  481 U.S. at 244 (citing *Brown v.
Helvering*, 291 U.S. 193, 201 (1934)).  This particular instruction asked the jury to determine the
fact of liability, not the amount of liability or whether the amount of liability could be determined
with reasonable accuracy.  By including the phrase "an estimate of anticipated expense," there

existed the potential for confusing the fact of liability (the first prong of the all events test) with the amount of liability (the second prong of the all events test). In addition, the facts in *Brown* are sufficiently different from the facts here as to warrant omitting the last sentence proposed by the Government. In *Brown*, the plaintiff attempted to claim, as a deduction, a portion of a commission that had to be returned upon the cancellation of a policy. 291 U.S. at 199. The Court rejected the deductions where no cancellation had yet occurred. The Court reasoned, although history demonstrated some of the policies would be cancelled, until they were actually cancelled, the plaintiff's liability to return a portion of the commission remained contingent. *Id.* at 200-201. Through this instruction, the jury was asked to determine whether Plaintiff's obligation to pay the Landowner for the McDonnell Property was established. The payment was not the sort of recurring expense at issue in *Brown.*

C. Option Contract Instruction on Page 19.

Both parties object to the instruction regarding option contracts on page 19 of the jury instructions. The instruction given reads as follows:

> An option is a continuing offer by which the owner agrees to give another the exclusive right to buy property. It is a privilege, a right of election to exercise a privilege. The purpose is to bind the owner of the land, for valuable consideration, not to withdraw the offer for sale during the fixed period. Upon the optionee's acceptance, the option becomes a completed bilateral contract, supported by mutual promises, and is specifically enforceable. The option vests the buyer with a power of acceptance and, when the buyer accepts the offer in the prescribed manner, the option is deemed to have been exercised so as to create a binding bilateral contract.

Plaintiff objects to the instruction on the basis that its proposed instruction on the issue is more appropriate. The Government objects to the instruction as not accurately reflecting the law and inconsistent with its proposed instruction.

The objections are OVERRULED. The instruction given was submitted by the Government

8

as its Proposed Instruction No. 22.  The Government's instruction was modified slightly by removing the clause "within a specified time" from the end of the first sentence.  Plaintiff does not identify which of its proposed instructions it believes was more appropriate.  Plaintiff's proposed instructions numbered 43 and 44 both mention the option to purchase property.  Plaintiff has not explained how the failure to give either of those instructions, or a different instruction, impaired its theory of the case.  The instruction given is an accurate statement of the law.  The time period during which an option must be excised is covered in the third sentence of the instruction, which explains that the option is available during a fixed period.

D.  Elements of a Contract Instruction on Page 20.

Both parties object to the instruction on page 20 of the jury instructions.  The instruction given reads as follows:

> To be enforceable, a contract must contain essential elements.  The essential elements include: (1) competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation.  At issue here is whether the parties had a meeting of the minds as to the obligation to buy the property.  If there was no meeting of the minds on this issue, then there was no binding contract.

Plaintiff objects to the instruction as unnecessary, irrelevant for the purposes of the case, and not an accurate statement of the law.  The Government objects to the instruction on the basis that it differs from the one it proposed.

The objections are OVERRULED.  The instruction was necessary and was not irrelevant. The instruction outlined the elements of a contract, but then focused the jury's attention on one of the elements.  Whether the parties agreed to the sale and purchase of the property in 1997 was a fact at issue.  *See ABC Beverage Corp.*, 577 F.Supp.2d at 948 (holding there was a genuine issue of material fact as to when the fact of liability became fixed).  The instruction is an accurate statement

of the law regarding the essential elements of a contract. *Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199, 203 (Mo. Ct. App. 2006) (citing *Bldg. Erection Servs. Co. v. Plastic Sales & Mfg. Co.,* 163 S.W.3d 472, 477 (Mo. Ct. App. 2005)). *See Keith v. C.I.R.*, 115 T.C. 605, 611 (2000) (holding state law determines how and when property is transferred while federal law determines how the resulting interests are taxed).

The instruction appropriately focused the jury's attention on whether the fact of liability was established in 1997.  The instruction given was proposed by the Government as its proposed jury instruction no. 23.  The instruction was modified by changing the Government's proposed sentence from "at issue here are the elements relating to the meeting of the minds to the agreement of the contract" to "at issue here is whether the parties had a meeting of the minds as to the obligation to buy the property."  As was made clear at the conference over the jury instructions, the Government wanted to argue no meeting of the minds was reached in 1997 with regard to the purchase price of the property.  The problem with the Government's argument is that, for the purpose of taking a deduction,  federal law separates the fact of liability from the amount of liability.  The Government's proposed instruction would have been confusing to the jury because it would have made the amount of liability part of the test for whether the fact of liability was established.  Finally, the fact that the instruction given was not consistent with the Government's proposed instruction does not establish any abuse of discretion.

E.  Amount of Liability - Reasonable Accuracy Instruction on Page 21.

The Government objects to the jury instruction on page 21.  The instruction given reads as follows:

> In order to satisfy the all events test, ABC must also demonstrate that at least a certain amount of its lease termination expense liability could be determined with

reasonable accuracy in 1997.

        You can consider the amount of liability to be reasonably accurate even if the amount of the liability has to be adjusted in the future.  The fact that the amount of liability cannot be determined in a tax year does not prevent a taxpayer from deducting the portion of the liability that can be computed with reasonable accuracy in that tax year.

        If you find that ABC determined with reasonable accuracy in 1997 that it would have had to pay at least $9,000,000 to purchase the McDonnell Property, you must find that that amount of liability was determined with reasonable accuracy in 1997.

The Government objects on the basis that it differs from the one it proposed and because it is not an accurate statement of the law.

The objection is OVERRULED.  The instruction given was submitted by Plaintiff as its proposed jury instruction no. 45.  The fact that it differs from the one submitted by the Government (Government's Proposed Instruction No. 25) does not establish an abuse of discretion.  The Government has not explained how the failure to give the instruction it provided impaired its theory of the case.  The instruction given is an accurate statement of the law.  *See Illinois Power Co. v. C.I.R.*, 87 T.C. 1417, 1443 (1986) ("the taxpayer must be able to estimate with reasonable accuracy the amount of the expenditure to be made in the subsequent year, as of the end of the year for which the taxpayer seeks to accrue the liability") (citing *Hughes Props.*, 476 U.S. at 600-601 and *Burlington N. R.R. v. Comm'r*, 82 T.C. 143, 147 (1984)).

F.  Economic Performance - Beneficial Ownership Instruction on Page 22.

Both parties object to the jury instruction on page 22.  The instruction given reads as follows:

        In this case economic performance with respect to the amount paid to buy out of a burdensome lease is based upon in what year ABC became the beneficial owner of the McDonnell property.

        In order to determine in what year plaintiff became the beneficial owner of the McDonnell property, you must determine when the benefits and burdens of ownership occurred so that plaintiff effectively went from being a tenant to being a beneficial owner.  In making this determination, you must consider all the facts and

11

circumstances to determine when plaintiff became a beneficial owner. There are no hard and fast rules of thumb that can be used in making that determination. The events must be viewed as a whole and in the light of realism and practicality.

In this case, you must determine whether for purposes of economic performance, ownership passed at the time of the exercise of the option. The exercise of the option must have increased ABC's ownership attributes in comparison to its ownership attributes, if any before the exercise of the option. Such determination may be made when ABC's ownership attributes in the property outweigh the landlord's ownership attributes.

Plaintiff objects on the ground that it's proposed instruction was a more accurate and appropriate statement of the law. The Government objects on the basis that the beneficial ownership test is inconsistent with the economic performance test with respect to the providing of property. The instruction given is a modification of the Government's proposed jury instruction no. 29. A portion of the Government's proposed instruction at the end of the second paragraph was omitted as irrelevant to the facts in the case. The third paragraph was added to clarify how beneficial ownership would pass given Plaintiff's situation as tenant prior to becoming the owner.

Plaintiff's objection is OVERRULED. The instruction given is an accurate statement of the law and appropriately applies the law to the facts in this case. *See Walter v. C.I.R.*, 753 F.2d 35, 38 (6th Cir. 1985) ("beneficial ownership passes when sufficient benefits and burdens of ownership pass; *C.I.R. v. Baertschi,* 412 F.2d 494, 497-498 (6th Cir. 1969) (quoting *C.I.R. v. Segall*, 114 F.2d 706, 709-710 (6th Cir. 1940) (outlining the practical approach for determining, for tax purposes, when a sale was consummated)); *Ayres v. C.I.R.,* T.C. Memo. 1983-202, 1983 WL 14182 (1983) ("when the purchaser's ownership attributes in real estate outweigh those that the seller retains, the purchaser is recognized as the beneficial owner"); *Grodt & McCay Realty, Inc. v. C.I.R.*, 77 T.C. 1221, 1237-1238 (1981) (identifying various factors to consider when determining when the benefits and burdens of ownership have passed); *Derr v. C.I.R.*, 77 T.C. 708, 723-724 (1981) (same).

12

Plaintiff has not explained how the instruction given impaired its ability to argue its theory of the case.

The Government's objection is also OVERRULED for the reasons provided in the next section regarding economic performance as occurring with the provision of property.

G. Economic Performance - Provision of Property on Page 23.

Both parties object to the instruction regarding the provision of property as economic performance on page 23. The instruction given reads as follows:

> In this case, economic performance with respect to the amount paid for buying out of the burdensome lease occurred when the McDonnell property was provided to plaintiff. The McDonnell Property was provided to plaintiff when either the McDonnell Property was delivered to or accepted by plaintiff. You must decide whether the McDonnell Property was delivered or accepted by plaintiff in 1997.

Plaintiff objects to the instruction as unnecessary and not an accurate statement of the law. The Government objects on the basis that the instruction is inapplicable to situation.

Plaintiff's objection is OVERRULED. The Tax Code and Treasury Regulations both contain provisions for economic performance as occurring as the result of the provision of property to the taxpayer. The instruction is not duplicative of any other instruction given. As is evidenced below, the instruction accurately reflects the provision of property as economic performance language contained in the Tax Code and in the Treasury Regulations.

The Government's objection is also OVERRULED. The Government's objection reiterates the argument it has raised at various points in the litigation. The Government has argued, because the deduction is for the buyout of an onerous lease, a contractual liability, and not for the use or acquisition of property, the deduction must fall under the Regulation's catch-all provision, 26 C.F.R.

§ 1.461-4(g)(7).[3]   The Government first raised this argument in its reply brief (Dkt. No. 59,

---

[3]

*Compare* 26 C.F.R. § 1.461-4(d)

(d) Liabilities arising out of the provision of services, property, or the use of property

(1) In general.  The principles of this paragraph (d) determine when economic performance occurs with respect to liabilities arising out of the performance of services, the transfer or property, or the use of property.  This paragraph (d) does not apply to liabilities described in paragraph (e) (relating to interest expense) or paragraph (g) (relating to breach of contract, workers compensation, tort, etc.) of this section.  In addition, except as otherwise provided in Internal Revenue regulations, revenue procedures, or revenue rulings this paragraph (d) does not apply to amounts paid pursuant to a notional principal contract.  The Commissioner may provide additional rules in regulations, revenue procedures, or revenue rulings concerning the time at which economic performance occurs for items described in paragraph (d).

(2) Services or property provided to the Taxpayer

(i) In general.  Except as otherwise provided in paragraph (d)(5) of this section, if the liability of a taxpayer arises out of the providing of services or property to the taxpayer by another person, economic performance occurs as the services or property is provided.

\*\*\*

(6) Rules relating to the provision of services or property to the taxpayer. The following rules apply for the purposes of this paragraph (d):

(iii) A taxpayer is permitted to treat property as provided to the taxpayer when the property is delivered or accepted, or when title to the property passes.  The method used by the taxpayer to determine when property is provided is a method of accounting that must comply with the rules of § 1.446-1(e).  Thus, the method for determining when property is provided must be used consistently from year to year, and cannot be changed without the consent of the Commissioner.

*to* 26 C.F.R. § 1.461-4(g)(7)

(g) Certain liabilities for which payment is economic performance

(7) Other liabilities.  In the case of a taxpayer's liability for which economic performance rules are not provided elsewhere in this section or in any other Internal Revenue regulation, revenue rulings or revenue procedure, economic performance occurs as the taxpayer makes payments in satisfaction of the liability to the person to which the liability is owed.  This paragraph (g)(7) applies only if the liability cannot properly be

14

Government Reply Brief at 9-10) in support of its motion for summary judgment. The argument was rejected as untimely. *ABC Beverage*, 577 F.Supp.2d at 950 n. 16. The Government then raised the issue as a motion in limine. (Dkt. No. 74.) The motion was denied as improperly attempting to resolve substantive issues which were not appropriately raised in a motion in limine. The order did note the Government neglected to provide any authority to support its position. (Dkt. No. 90, Order Granting In Part and Denying In Part Defendant's motion in Limine at 4.) The Government has still not provided any authority to support its position.

---

characterized as a liability covered by rules provided elsewhere in this section. If a liability may properly be characterized as, for example, a liability arising out of the provisions of services or property to, or by, a taxpayer, the determination as to when economic performance occurs with respect to that liability is made under paragraph (d) of this section and not under this paragraph (g)(7).

Furthermore, the Government's position is not supported by the language in the Code and Regulation.  Treasury Regulation 1.461-4 provides guidelines for determining when liability occurs based on economic performance for taxpayers using an accrual method of accounting.  The deduction claimed here is for a business expense rather than for the capitalization of an asset.  *See ABC Beverage*, 577 F.Supp.2d at 951-952.  Nothing in the section 1.461(d)(2), (d)(6), or in 26 U.S.C. § 461(h)(2)(A)(ii),[4] expressly limit their application to capitalization of assets.  Economic performance occurred, and Plaintiff's liability arose, when the property was provided to Plaintiff.  Plaintiff's liability, the amount owed the seller, included both the fair market value of the property as well as the cost of buying out the burdensome lease.  Plaintiff became obligated to pay the seller when Plaintiff became the beneficial owner of the property.  Accordingly, economic performance occurred under the section governing the provision of property, and not when payment was actually made.

H.  Beneficial Ownership - Plaintiff as Tenant on Page 24.

Both parties object to the instruction given on page 24.  The instruction given reads as follows:

---

[4]

26 U.S.C. § 461(h)(2)(A)(ii) states
    (h) Certain liabilities not incurred before economic performance.
        (2) Time when economic performance occurs.  Except as provided in
        regulations prescribed by the Secretary, the time when economic
        performance occurs shall be determined under the following principles:
            (A) Services and property provided to the taxpayer.  If the liability
            of the taxpayer arises out of –
                (ii)the providing of property to the taxpayer by another
                person, economic performance occurs as the person
                provides such property, or

> One of the factors to consider if and when plaintiff became the beneficial owner of the McDonnell Property was what was the parties' intent as set forth in the lease. If you determine that plaintiff continued to occupy the building as a tenant after 1997, then beneficial ownership could not have passed in 1997.

Both parties object on the basis that instruction is not an accurate statement of the law. The instruction given is a modification of the Government's proposed instruction No. 30. The instruction given is the first and last sentence of the Government's proposed instruction. The portion of the Government's proposed instruction that was omitted reads

> For instance, the lease provided that plaintiff was to continue to pay rent until the completion of the sale of the McDonnell Property. Therefore, the terms of the lease did not exclude continuation of the relationship of landlord and tenant until a sale was completed or the right of the landlord to continue to receive rent in addition to amounts to be paid for the purchase of the property.

The Government has not explained why this omission renders the instruction an inaccurate statement of the law.

The parties' objections are OVERRULED. The instruction given is an accurate statement of the law. A court may look to the intentions of the parties, specifically the terms of the contract, to determine when a sale occurs and when tax liability flows from such sale. *See Segall,* 114 F.2d at 710). Depending on the terms of the lease, when a tenant exercises an option to purchase contained in a lease, the relationship between the two parties may continue as landlord and tenant or may be changed to that of vendor and vendee. *Henze v. Shell Oil Co.*, 758 S.W.2d 93, 96-97 (Mo. Ct. App. 1988). The omitted sentences were unnecessary.

I. Judicial Notice on Page 25.

Both parties object to the judicial notice of facts on page 25 of the jury instructions. The instruction given reads as follows:

You are required to accept the following facts as true:

1.  ABC Beverage's lease termination expense is a proper tax deduction. However, it is for you to determine whether the deduction was properly taken in 1997.

2.  The McDonnell property had a fee simple fair market value of $2.75 million in 1997.

Plaintiff objects to the instruction as not including all of the facts it requested in its proposed instruction no. 26.  The Government objects on the basis that the facts were not the appropriate subject of judicial notice.

The Government's objection is OVERRULED.  Rule 201 of the Federal Rules of Evidence authorizes the taking of judicial notice of adjudicative facts.  Subsection (b) of the Rule provides that a judicially noticed fact must not be subject to reasonable dispute in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).  In resolving the prior motions for summary judgment, this Court concluded both that the lease termination expense was a proper deduction (*ABC Beverage*, 577 F.Supp.2d at 951) and that the McDonnell Property had a fee simple fair market value of $2.75 million in 1997 (*Id.* at 937 and 952-953).  Accordingly, the judicially noticed facts were not subject to reasonable dispute and were capable of accurate and ready determination by reference to the earlier opinion. *See Cavaliers Operating Co., LLC v. Ticketmaster*, No. 07cv2317, 08cv240, 2008 WL 4449466 at * 8 (N.D. Ohio, Sept. 30, 2008) (O'Malley, J.) ("it is well-established that the court may take judicial notice of prior proceedings and the record in the case before it or closely related cases"). Furthermore, it would make little sense, be inefficient, and be unfair if Plaintiff were forced to relitigate the factual issues resolved in the motions for summary judgment.

Plaintiff's objection is also OVERRULED.  Plaintiff's proposed jury instruction no. 26 included both of the two facts judicially noticed.  Plaintiff's proposed instruction also took notice of

the method for calculating the amount of the deduction.  "The amount of a deduction for a lease

termination expense is calculated by subtracting the fee simple fair market value from the purchase

price required by the lease."  Plaintiff has not explained how the omission impaired its theory of the

case.

J.  Refusal to Give Plaintiff's Proposed Jury Instruction No. 41

Plaintiff objects to the decision not to give the jury its proposed instruction no. 41.[5]

Plaintiff's proposed instruction reads as follows:

> The Internal Revenue Code allows businesses to deduct their ordinary and
> necessary business expenses.  Businesses can elect to use the accrual method of
> accounting to determine when to report and deduct its business expenses.  A taxpayer
> that uses the accrual method of accounting is generally required to report income
> when that income is owed regardless of whether the income was paid to the taxpayer
> in a later year.  Similarly, a business using the accrual method of accounting is
> generally required to deduct expenses from income that it is obligated to pay,
> regardless of whether the payment is made in a later year.  The legal right of taxpayer
> to decrease the amount of what otherwise would be its taxes, or altogether avoid
> them, by means which the law permits, cannot be doubted.
>
> In this case, ABC Beverage is seeking a deduction for the amount it needed to
> pay to terminate a burdensome lease.  There is no dispute that this is a proper
> deduction.  You must determine whether ABC Beverage is entitled to take this
> deduction in 1997.  ABC Beverage used the accrual method of accounting in 1997.
> This means that if you find that ABC Beverage incurred its lease termination expense
> in 1997, you must find that ABC is allowed to deduct that amount in 1997, even
> though it paid for that expense in 1999.

Plaintiff objects to the decision not to give the instruction on the basis that the instruction should

---

[5]At oral argument, Plaintiff identified the instruction as regarding accrual accounting and
deductions.  Plaintiff believed the number of its proposed jury instruction was 40.  Plaintiff's
proposed jury instruction no. 40 relates to the effect of prior inconsistent statements.  Plaintiff's
proposed jury instruction no. 41 relates to the accrual method of accounting and deductions.

have been given to the jury.

Plaintiff's objection is OVERRULED.  Plaintiff has not explained how the failure to give this instruction impaired its theory of the case.  The instruction given to the jury on page 16 contains much of the same information as Plaintiff's proposed instruction no. 41.  Plaintiff's proposed instruction contains a needless and potentially confusing discussion of the accrual method of accounting.  Plaintiff's proposed instruction read too much like a closing argument rather than an objective jury instruction.

K.  Refusal to Give Several of the Government's Proposed Instructions

The Government objects to the decision not to give its proposed instructions nos. 10, 12 and 17-30.  The Government argues those instructions were either rejected or modified and that its proposed instructions more accurately reflect a balanced view of the law in this area.  The Government has not explained how the modification of its proposed instructions or the decision not to give its proposed instructions impaired its theory of the case.

1.  Government's No. 10 - Testimony of Expert Witness

The Government's objection is OVERRULED.  The Government submitted the standardized civil jury instruction 4.05 for expert witnesses.  The Government did not include either the name of the expert witness or the expert's field in its proposed instruction.  The Court elected to use the Government's proposed instruction, added the expert's name and relevant field, and deleted the second sentence of the proposed instruction which read "this witness was permitted to testify even though this person did not actually witness any of the events involved in this trial."  That sentence was not necessary given the nature of Mr. Thomas McReynolds' testimony.

2.  Government's No. 12 - Judicial Notice.

The Government's objection is OVERRULED.  The Government submitted the standardized civil jury instruction 4.02B.  The Government's proposed instruction reads "the Court has decided to accept as proved the fact that [fill in] even though no evidence has been introduced on the subject. You are required to accept this fact as true."  The Government's proposed instruction speaks for itself.  This objection was already discussed and rejected under section III(I).

3.  Government's No. 17 - Statement of the Case and Elements to be Proved

The Government's objection is OVERRULED.  The jury was given the Government's proposed statement of the case.  The modifications to the elements to be proved did not impair the Government theory of the case.  The relevant portion of the Government's proposed instruction reads

B.  ABC proved that the amount of liability for the purchase price of the McDonnell Property was first determinable in 1997 with reasonable accuracy
C.  ABC proved that economic performance (as later defined) occurred with respect to the purchase of the McDonnell Property in 1997.

The relevant portion of the instruction given to the jury on page 16 reads

B.  The amount of liability as later defined for the McDonnell Property was first determinable in 1997 with reasonable accuracy
C.  Economic performance (as later defined) occurred with respect to the purchase of the McDonnell Property in 1997.

The modifications did not alter what Plaintiff had to establish at trial.

4.  Government's No. 18 - All Events and Economic Performance

The Government's objection is OVERRULED.  The proposed instruction states Plaintiff must meet both the all events test and the economic performance test before the deduction may be taken.  The instruction was redundant with the statement of the case which was provided to the jury on page 16.

5.  Government's No. 19 - 2 Prongs of the All Events Test

21

The Government's objection is OVERRULED.  The Government's proposed instruction was given to the jury on page 17 of the jury instruction, with modifications.  The instruction given to the jury added the phrase "as later defined" to both of the two prongs of the all events test.

6.   Government's No. 20 - Contingency of the Fact of Liability

The Government's objection is OVERRULED.  This objection was already discussed and rejected  under section III(B) of this opinion

7.   Government's No. 21 - Option to Purchase in the Lease

The Government's objection is OVERRULED.  The Government's proposed instruction tells the jury to examine paragraph 28 of the lease, the paragraph containing the option to purchase.  The instruction was unnecessary.  The Government told the jury where option was contained in the lease.

8.   Government's No. 22 - Option Contract

The Government's objection is OVERRULED.  This objection was already discussed and rejected under section III(C) of this opinion.

9.   Government's No. 23 - Elements of a Contract

The Government's objection is OVERRULED.  This objection was already discussed and rejected under section III(D) of this opinion.

10.   Government's No. 24 - Details of the Option in the Lease

The Government's objection is OVERRULED.  The Government's proposed instruction outlined the terms and conditions of the option to purchase in the lease.  The instruction was not given because it was redundant with the instruction given on page 19, where an option contract was explained.  The additional details contained in the proposed order were unnecessary surplusage.  The Government argued to the jury Plaintiff needed to meet the conditions contained in the lease's option

22

paragraph.

11.   Government's No. 25 - Amount of Liability

The Government's objection is OVERRULED.  This objection was already discussed and rejected under section III(E) of this opinion.

12.   Government's No. 26 - Timing of Economic Performance

The Government's objection is OVERRULED.  The Government's proposed instruction tells the jury even if Plaintiff met the all events test in 1997, Plaintiff must also meet the economic performance test in 1997 in order to take the deduction in 1997.  The proposed instruction is redundant with the instruction given on page 16.  The economic performance test instructions given on pages 22 through 24 also explained to the jury that the economic performance test was met only if certain events occurred in 1997.

12.   Government's No. 27 - Economic Performance as Payment

The Government's objection is OVERRULED.  The Government's proposed instruction reads

In this case, economic performance with respect to the amount paid to buy out of the burdensome lease occurred when payment was made for the purchase of the McDonnell Property.  In order to determine whether plaintiff met the economic performance test during 1997, you must determine whether plaintiff paid for the McDonnell Property in 1997.

The Government's proposed instruction is based on the faulty assumption that the catch-all provision of 26 C.F.R. § 1.461-4(g)(7) is the only mechanism by which Plaintiff could establish economic performance.  The Government's argument was considered and rejected under section III(G) of this opinion.  Accordingly, the proposed instruction is an inaccurate statement of law.  Plaintiff could establish economic performance in ways other than tender of payment.  Furthermore, there is no

23

genuine issue of material fact when Plaintiff paid for the property; the money for the property was tendered in1999. *ABC Beverage*, 577 F.Supp.2d at 938.

13.  Government's No. 28 - Economic Performance as Passing of Deed or Title

The Government's objection is OVERRULED.  This objection was already discussed under sections III(F) and III(G) of this opinion.  The references to the deed and title to the McDonnell Property were removed as irrelevant to the facts at issue.  The issue was when the property was provided and Plaintiff became the beneficial owner.

14.  Government's No. 29 - Beneficial Ownership Benefits and Burdens

The Government's objection is OVERRULED.  This objection was already discussed under section III(F).

15.  Government's No. 30 - Plaintiff as Tenant

The Government's objection is OVERRULED.  This objection was discussed under section III(H) of this opinion.

L.  Verdict Form

Both parties objection to the verdict form given to the jury.  The verdict form given reads as follows:

> The plaintiff has the burden of proving each of the following by a preponderance of the evidence:
> 1.  Has the plaintiff proven that it was obligated to purchase the McDonnell property by December 31, 1997?
> 2.  Has ABC proven that it could determine with reasonable accuracy in 1997 that it would have to pay at least $9 million for the McDonnell property?
> 3.  Has the plaintiff proven that the McDonnell property was delivered or accepted, as evidenced by beneficial ownership in 1997?

Plaintiff objects to the verdict form on the basis that it does not conform to the verdict form it submitted, which is more accurate and less prejudicial.  The Government objects to the verdict form

because it does not accurately reflect the law. The Government explains section 461 of the Code is not applicable. The Government also argues the verdict form is not consistent with the economic performance test as it relates to the acquisition of property.

The objections are OVERRULED. The verdict form is neither misleading nor confusing. The verdict form accurately frames the issues to be resolved by the jury. The verdict form tracks the overview to the case given on page 16 of the jury instructions. The overview of the case identifies three elements Plaintiff had to establish by a preponderance of the evidence. The verdict form asks three questions, each question corresponding to one of the three elements Plaintiff had to prove. Plaintiff's proposed verdict form omits any reference to three elements and simply asks if Plaintiff was entitled to the deduction in 1997 under the all events and economic performance tests. The Government's proposed verdict form included questions on issues that were irrelevant. The Government's proposed verdict form asked questions about when the purchase price was paid and when the deed or title passed.

IV. CONCLUSION

For the reasons provided above, the objections to jury instructions and verdict form are OVERRULED. The instructions given to the jury are accurate statements of the law. The parties were able to argue their theory of the case consistent with the instructions used. The Government's position that the only applicable instruction regarding economic performance is when the purchase price was paid is not supported by any authority or the text of the Tax Code or Treasury Regulations. Viewed as a whole, the instructions and verdict form are neither confusing nor misleading. Viewed as a whole, the instructions and verdict form are an accurate statement of the law and are not prejudicial.

25

ORDER

Plaintiff's objections to the jury instructions on pages 17-20, 21-25, the verdict form, and the omission of its proposed jury instruction no. 41 are **OVERRULED**.

The Government's objection to the jury instructions on pages 18-25, the verdict form and the omission or modification of its proposed jury instructions nos. 10, 12, and 17-30 are **OVERRULED**.  **IT IS SO ORDERED**.

Date:   January 27, 2009                                    /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            Chief United States District Judge

26