UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABC BEVERAGE CORPORATION
& SUBSIDIARIES, f/k/a Beverage
America Inc. & Subsidiaries,
        Plaintiff,

                                      Case No. 1:07-cv-051

-v-

                                      HONORABLE PAUL L. MALONEY

UNITED STATES OF AMERICA,
        Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED JUDGMENT

This matter comes before the Court on Plaintiff ABC Beverage's motion (Dkt. No. 109) for entry of proposed judgment. Defendant United States of America filed a response. (Dkt. No. 110).

Plaintiff ABC Beverage (Plaintiff) filed a complaint alleging it was owed a tax refund for a "pallet expense" and a "lease termination expense." (Compl.) The parties settled the pallet expense dispute in December 2007. (Notice of Partial Settlement - Dkt. No. 39.) After resolving cross motions for summary judgment, a trial was held on the remaining issues of fact. A jury returned a verdict in favor of Plaintiff ABC Beverage on December 11, 2008 on Plaintiff's claim for a tax deduction associated with the termination of a lease. Since the verdict was returned, the parties have attempted to calculate the amount owed Plaintiff. This Court ordered (Dkt. No. 108) Plaintiff to submit a proposed judgment, including interest calculations and afforded the Government time to file a response.

The parties' proposed judgments differ by $5635.96. Plaintiff proposes a judgment of $3,248,310.74. Plaintiff calculates this amount by first identifying the total amount owed ($3,830,698.38) on both the pallet and lease termination expenses, including interest and penalties,

as calculated by the Internal Revenue Service on February 20, 2009. (Exhibit 3 to Plaintiff's motion.) Plaintiff subtracts the amount ($582,387.64) it alleges the parties agree Plaintiff is owed on the pallet expense, including interest. Defendant proposes a judgment of $3,242,674.78. Defendant argues the difference between the two numbers arises because of the date from which interest on the settlement agreement for the pallet expense is calculated. Defendant explains the pallet expense settlement agreement stipulated that interest would be paid on the agreed upon amount starting on May 29, 2006. (Settlement Agreement ¶¶ 4 and 5.) Defendant asserts the February 20, 2009 memo is based upon a December 11, 2008 Overpayment Computation which calculates the interest owed starting on February 28, 2006, rather than starting May 29, 2006.

The Government asserts there are other flaws in Plaintiff's approach. First, the Government disputes that the parties agreed to the amount Plaintiff asserts is owed on the pallet issue. If that amount is incorrect, a basic assumption on which Plaintiff's calculations rest is flawed. Second, the Government opposes any judgment that refers to or incorporates the settlement of the pallet issue as that issue was not decided by the jury. Third, the Government, for practical reasons, opposes identifying the exact amount of overpayment interest owed in the judgment. The Government explains overpayment of interest in tax cases is calculated on Internal Revenue Service computers at the time a refund or credit is made and takes into account many factors not at issue here. The Government argues the taxpayer may later challenge the amount of interest calculated by the Internal Revenue Service.

Inherent in both parties's proposed judgments is the assumption that the lease termination expenses, other than the calculation for statutory overpayment interest, as calculated in the February 20, 2009 memo, are correct. It is not entirely clear why separate calculations cannot be made for

the pallet expense and the lease termination expense.  Both parties acknowledge the calculation is complicated by multiple factors.  Plaintiff opted not to attempt its own calculations of the various amounts and relies on the Government's calculations.  Accordingly, the parties agree the amount owed Plaintiff on taxes/tax abatement is $2,0312,231.45 and the amount owed Plaintiff for penalties is $30,468.48.  The Government's response increases the amount of the "underpayment interest overpaid"[1] or "in paid in interest"[2] from $784,148.91 to $795,529.70 based on the information in Plaintiff's taxpayer's account as of March 26, 2009.  Both parties agree Plaintiff is entitled to statutory overpayment interest.

Plaintiff's motion (Dkt. No. 109) is **DENIED.**  A judgment shall be entered consistent with the amounts identified above.  **IT IS SO ORDERED.**


Date:   March 31, 2009                                             /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               Chief United States District Judge

---

[1] *See* February 20, 2009 memo under the portion title "Total Abatement for the Lease Issue."

[2] *See* Government's Response at 2 and 7.